**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 15-cr-00378-REB-1
(Civil Action No. 17- cv-02722-REB)

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

1. JUNG YOON CHOI,

      Defendant-Movant.

---

## ORDER DENYING § 2255 MOTION

---

**Blackburn, J.**

      The matter is before me on the **Motion To Vacate, Set Aside, or Correct Sentence Pursuant to  28 U.S.C. § 2255** [#78][1] filed November 14, 2017.  The government filed a response [#81], and the defendant-movant filed a reply [#85].  I conducted a hearing on the motion on June 18 through 20, 2018, and took the matter under advisement.  I now deny the motion.

## I.  STANDARD OF REVIEW

      Under 28 U.S.C. § 2255(a), a federal prisoner claiming the right to be released on the ground that his federal sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

---

[1]  "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

otherwise subject to collateral attack," may move to have his or her sentence vacated, set aside, or corrected. The defendant-movant has the burden to establish his or her claim by a preponderance of the evidence. ***U.S. v. Washington***, 890 F.3d 891, 895 (10th Cir. 2018).

The defendant-movant, Jung Yoon Choi (Ms. Choi), asserts in her motion that her counsel was ineffective in the course of proceedings which led to her entry of a guilty plea in this case. To prevail on any discreet claim of ineffective assistance of counsel, Ms. Choi must show as to that specific claim "that counsel's performance was deficient," i.e., "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). She also must demonstrate that counsel's "deficient performance prejudiced the defense." ***Id***. Although not insurmountable, the ***Strickland*** standard is "highly demanding." ***Kimmelman v. Morrison***, 477 U.S. 365, 382 (1986). In the context of a claim of ineffective assistance of counsel in connection with a plea agreement, prejudice can be shown only if the defendant demonstrates a reasonable probability that, but for the constitutionally deficient performance of counsel, the defendant would not have pleaded guilty and would have insisted on going to trial. ***Hill v. Lockhart***, 474 U.S. 52, 59 (1985). I may address the two elements in any order, and I need not reach both if I find that Ms. Choi has failed to meet the requirements of one. ***Strickland***, 466 U.S. at 697.

Addressing the first element, my inquiry must be whether, considering all the circumstances as of the time of the conduct, "counsel's representation fell below an objective standard of reasonableness." ***Id***. at 688. I review the performance of counsel with great deference, indulging "a strong presumption that counsel's conduct falls within

the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quotation omitted). "(C)ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690; ***see also Ransom v. Johnson***, 126 F.3d 716, 721 (5th Cir. 1997) ("Tactical and strategical decisions of counsel 'if based on informed and reasoned practical judgment' will not be second-guessed") (quotation omitted).

Even if Ms. Choi is able to show that the performance of her counsel was constitutionally deficient, she is not entitled to relief under § 2255 unless she can affirmatively prove the deficiencies created prejudice. *Strickland*, 466 U.S. at 693. The Supreme Court summarized this element of the *Strickland* test as requiring that the defendant show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The Court viewed a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id*. In the context of a plea agreement, the defendant must show that she would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

Given the circumstances of this case and to ensure that Ms. Choi had a full opportunity to circumstantiate her claims, I conducted a hearing on her motion. Seven witnesses testified at the hearing. In assessing the credibility of the witnesses who testified at the hearing, I have considered all facts and circumstances shown by the evidence that affected the credibility of the witnesses, including the following factors: each witness's means of knowledge, his or her ability to observe, and his or her

strength of memory; the manner in which he or she might be affected by the outcome of the hearing; the relationship each witness has to either side in the case; and the extent to which, if at all, he or she was either supported or contradicted by other evidence presented during the hearing or elsewhere in the record.

## II. BACKGROUND

### A. Timeline

Ms. Choi claims her guilty plea in this case was involuntary because her counsel did not inform her adequately of the potential immigration consequences of her plea. In addition, Ms. Choi claims that, just before her change of plea hearing, one of her lawyers threatened her with dire consequences if she did not enter a guilty plea. To understand the context of the guilty plea of Ms. Choi and the information known to Ms. Choi in the context of her guilty plea, a timeline of events is helpful.

Ms. Choi was charged by **Information** [#1] on October 2, 2015. She was charged with violation of 26 U.S.C. § 7212(a). That statute makes it a crime to corruptly endeavor to obstruct or impede the due administration of the Internal Revenue Code. After she was charged, Ms. Choi was released on bond. *Order Setting Conditions of Release* [#7]. A short time later, the government and Ms. Choi agreed to the terms of a **Plea Agreement** [#18]. When Ms. Choi and the government agreed to the terms of the Plea Agreement, the government agreed to

> consider recommending a probationary sentence depending on the level of substantial assistance provided [by Ms. Choi]. However, in the event that the Defendant is deemed to have committed any new federal, state or local law offenses (as established by probable cause), the government no longer is obligated to file a Motion for Downward Departure under the terms of the plea agreement and is free to recommend any sentence up to the statutory maximum.

*Plea Agreement* [#18], pp. 4 - 5.

A first change of plea hearing was attempted on December 17, 2015, with a Korean interpreter present.[2] After commencing, but not completing, a Rule 11 advisement, the change of plea hearing was vacated and continued without date. *Minutes* [#15]. A second change of plea hearing was held on January 14, 2016. At the second change of plea hearing, Ms. Choi entered a plea of guilty to the crime charged in Count One of the Information, violation of 26 U.S.C. § 7212(a). At the conclusion of the hearing, her bond was continued.

After preparation of a presentence report, a first sentencing hearing was convened on September 13, 2016. Before the hearing, the government filed a sentencing statement [#29]. There, the government contended Ms. Choi had committed new criminal offenses while she was on bond in this case. As a result, the government did not recommend a probationary sentence, but instead, recommended a custodial sentence of 19 months. *Sentencing statement* [#29], p. 13.

At the first sentencing hearing, both the position taken by the government on sentencing and some information in the presentence report raised concerns in the minds of Ms. Choi and her counsel. Counsel for Ms. Choi indicated that Ms. Choi may seek to file objections to the presentence report and may consider filing a motion to withdraw the guilty plea of Ms. Choi. As a result, the oral motion of Ms. Choi to continue the sentencing hearing was granted.

---

[2] Frequently in these § 2255 proceedings, Ms. Choi has complained that a "licensed" interpreter or translator was not present to assist her at various times. *See, e.g., motion* [#78], pp. 3, 5, 10, 14. Ms. Choi has not cited and the court is not aware of any legal requirement that an interpreter assisting a criminal defendant be licensed. In court proceedings, Fed. R. Evid. 604 requires a qualified interpreter who must give an oath or affirmation to make a true translation. Nothing in the record of this case shows that Ms. Choi was not assisted by a qualified interpreter at any critical stage in this case. Her complaints about the lack of a licensed interpreter do not provide a basis for relief under § 2255.

Immediately after the first sentencing hearing, Ms. Choi and her counsel met together in an attorney conference room just outside of the courtroom. There, they continued to discuss the guilty plea of Ms. Choi and the possibility of filing a motion to withdraw her guilty plea. At the conclusion of this meeting, Ms. Choi elected not to file a motion to withdraw her guilty plea.

A second sentencing hearing was convened on November 16, 2016. In the two months since the first sentencing hearing, Ms. Choi did not file a motion to withdraw her guilty plea. The government presented testimony to establish its contention that Ms. Choi had committed new criminal offenses while she was on bond in this case. The government continued to recommended a sentence of 19 months of imprisonment. I entered a judgment [#36] of conviction, sentenced Ms. Choi to 19 months in prison, and ordered her to pay restitution in the stipulated amount of 67,560.00 dollars.

Ms. Choi is a citizen of Korea. She was granted permanent resident status on June 15, 1989. *Reply* [#85], Exhibit A (Notice to Appear), CM/ECF p. 9. Ms. Choi now is subject to removal proceedings initiated by the U.S. Department of Homeland Security. *Id.*, CM/ECF pp. 8 - 10. Her conviction in this case is the asserted basis for removal cited in the removal proceedings. *Id.*

B. Guilty Plea

Ms. Choi pled guilty to "obstructing and impeding the administration of the internal revenue laws," in violation of 26 U.S.C. § 7212(a). In her **Plea Agreement** [#18], Ms. Choi was advised that a conviction for violation of 26 U.S.C. § 7212(a) "may also carry with it significant immigration consequences, including deportation depending on the Defendant's status within the United States." *Plea Agreement* [#18], pp. 5 - 6. Ms. Choi negotiated and signed her Plea Agreement with the assistance and advice of

6

counsel.  In her **Statement by Defendant in Advance of Plea of Guilty** [#19]

(Statement In Advance), Ms. Choi also acknowledged: "I know that in addition to any

punishment that the Court may impose, there are collateral consequences to pleading

guilty to a crime. *  *  * If I am not a citizen of the United States, these consequences

may include deportation from the United States…." *Statement In Advance* [#19], pp. 2 -

3.

At her second change of plea hearing on January 14, 2016, Ms. Choi was

assisted by a Korean interpreter, Cheol B. Lee. *Transcript* [#65], p. 3.  Before

commencing its Rule 11 plea colloquy, the court administered to Ms. Choi the solemn

oath to tell the truth, subject to the pain and penalty of perjury. *Id.*, p. 4.  Immediately

subsequent to the administration of the solemn oath to tell the truth, the court advised

Ms. Choi of the criminal consequences she might suffer for making a false statement to

the court during the change of plea hearing.[3] *Id.*

Asked if she understood and spoke some English, Ms. Choi indicated "not really."

*Id.*, p. 5.  She said she was able to communicate in Korean with the interpreter without

difficulty.  *Id.*  Under oath, Ms. Choi acknowledged, *inter alia*, that she

- understood the importance of her oath to tell the truth and the possible
  consequences of making a false statement;

- had discussed the written plea agreement, which consisted of the **Plea
  Agreement** [#18] and the **Statement by Defendant in Advance of Plea
  of Guilty** [#19], with her attorney with the assistance of a Korean

---

[3] "Ms. Choi, your oath is important. If you make a false statement to me, your false statement
could be used against you by the Government in another criminal case in federal court. The Government
could charge you with crimes like perjury, or making a false statement. Do you understand?" This
advisement was essentially of the same advisement given by the court to Ms. Choi at the initial change of
plea hearing on December 17, 2015. *Transcript* [#74], p. 4.

interpreter[4];

- understood everything in the written plea agreement;

- understood that she had the right to a trial by jury and that she was waiving that right by entering her plea of guilty;

- had no questions or concerns about anything in the written plea agreement;

- signed the written plea agreement knowingly and voluntarily with the benefit of the advice and assistance of her counsel;

- understood her conviction may have severe immigration consequences, including deportation or removal; and

- was fully satisfied with her counsel, Mr. Steinberg and Mr. Kang.

*Id.*, pp. 7 - 8, 12 - 16.

The court asked "(h)as anyone forced you to participate in this plea agreement and (h)as anyone forced you to enter a plea of guilty to this crime?" To each question, Ms. Choi answered "No, Your Honor." *Id.*, p. 13. The court asked has "anyone made promises to you of which [the court is] unaware." *Id.* Ms. Choi answered "No, Your Honor." *Id.*

At the change of plea hearing, the court gave the following advisement and asked the following question focusing on immigration consequences:

> THE COURT: If you are not a citizen of this country, your conviction may have severe immigration consequences. Your conviction may result in your deportation or removal, and your conviction may prohibit your return to this country in the future. Do you understand these possible consequences?

*Id.* at p. 13. Ms. Choi answered "yes." *Id.* The court asked: "Have you discussed these consequences with your attorney?" *Id.* Again, Ms. Choi answered "yes." *Id.* At the

---

[4] At the change of plea hearing, the court defined the term "plea agreement" or "written plea agreement" to refer collectively to the **Plea Agreement** and the **Statement by Defendant in Advance of Plea of Guilty**. *Transcript* [#65], pp. 3 - 4.

conclusion of the plea colloquy, the court again focused on questions or concerns of Ms. Choi: "Do you now have any questions or concerns?" *id.* at p. 15, to which Ms. Choi responded under oath, "No, Your Honor." *Id.*

### C.  § 2255 Motion & Hearing

In her present motion [#78], Ms. Choi contends her counsel was ineffective because her counsel gave her incorrect and incomplete advice concerning her Plea Agreement and her guilty plea. *Motion* [#78], p. 11.  Ms. Choi contends her attorneys never reviewed the **Information** [#1] or the **Plea Agreement** [#18] with her with the assistance of a licensed translator.  *Id.*, pp. 2 - 3.  She claims she did not understand her Plea Agreement.  *Id.*, p. 5.  According to Ms. Choi, her counsel failed to discuss with or explain to Ms. Choi any of the possible immigration consequences of a guilty plea.  *Motion* [#78], p. 2.  As a result, Ms. Choi contends, her counsel misled her "about the prospects of Ms. Choi's deportation after pleading guilty."  *Id.*  Ms. Choi contends her guilty plea was not knowing and voluntary because her lawyers never explained to her that she faced a risk of being removed or deported from the United States based on the conviction resulting from her guilty plea.  She claims also that her attorneys did not conduct legal research adequate to inform her accurately about the risk of deportation which she faces.  *Id.*, pp. 10 - 11.  The factual assertions in her motion are reiterated in the affidavits of Ms. Choi and of her son, Michael Choi [#78-1 & #78-2].  Needless to say, many of the assertions in the affidavit of Ms. Choi [#78-1] contradict directly her statements under oath at her change of plea hearing.

The second change of plea hearing was held on January 14, 2016.  *Minutes* [#17].  According to Ms. Choi, just before this hearing, one of her lawyers, J.Y. Kang, told her to answer "yes" to all of the questions posed by the judge.  *Id.*, p. 4.  She says

Mr. Kang told her that if she failed to do so, she would not receive probation, she would go to prison for three years, her family members would be prosecuted, and she would be deported. *Id.* She says Mr. Kang then rushed her into signing her **Statement By Defendant In Advance of Plea of Guilty** [#19]. Ms. Choi says she did not disclose these events at the change of plea hearing because she was afraid the threats of Mr. Kang would become reality. *Motion* [#78], pp. 4 - 5. Ms. Choi says, at the time she executed the Plea Agreement, she believed she would not be deported as a result of her guilty plea. *Id.*, p. 5.

Notably, the transcript of the change of plea hearing [#65] shows that Ms. Choi answered "no," "not really," or something similar, to several questions posed by the court at the change of plea hearing. For example, asked if she had any questions or concerns about anything in the Plea Agreement, Ms. Choi responded "No, Your Honor." *Id.* p. 8. Asked if she wanted the court to repeat a previous advisement about her waiver of appeal in the Plea Agreement, Ms. Choi responded "No, Your Honor. I understood that." *Id.*, p. 9. Asked if anyone had forced her to participate in the Plea Agreement, Ms. Choi answered: "No, Your Honor. It's my own decision." *Id.*, p. 13. The transcript reflects at least 11 such negative answers from Ms. Choi in response to a variety of questions from the court. Each of these answers was appropriate, considering the circumstances. Reading the whole transcript of the change of plea hearing, it is clear Ms. Choi did not feel compelled to answer – and, in fact, did not answer – all questions from the court with a "yes" or its functional equivalent.

### i. July 27, 2015, Meeting

When her Plea Agreement was negotiated with the government, Ms. Choi was represented by two attorneys, J.Y. Kang and Harvey Steinberg. Mr. Kang and Mr.

Steinberg continued to represent Ms. Choi until judgment was entered and a sentence was imposed.  Both Mr. Kang and Mr. Steinberg testified at the hearing on the § 2255 motion of Ms. Choi.  In his testimony, Mr. Kang described in detail a conference held on July 27, 2015.  Mr. Kang was in his office with an experienced Korean interpreter, Cheol Lee.  Ms. Choi participated in this conference by telephone and could hear Mr. Kang and Mr. Lee.  During this meeting, which lasted about two hours, Mr. Kang read the information, the Plea Agreement, and the Statement In Advance aloud in English.  He read these documents sentence by sentence as Mr. Lee provided Korean interpretation for Ms. Choi.  Frequently, Ms. Choi would stop the reading to ask questions about particular terms in these two documents.  Mr. Kang testified that Ms. Choi was engaged in the conversation during this meeting, and she gave every indication that she understood the terms of the Plea Agreement and the Statement In Advance.

Mr. Lee also testified at the § 2255 hearing.  He confirmed that the July 27, 2015, telephonic conference took place, that he and Mr. Kang were in the office of Mr. Kang, and that Ms. Choi participated by telephone.  He also confirmed that Mr. Kang read the Plea Agreement and the Statement In Advance aloud, in English, and Mr. Lee provided interpretation in Korean for the benefit of Ms. Choi.  Mr. Lee testified that Ms. Choi asked many questions about the documents during this meeting.  Consistent with the testimony of Mr. Kang and Mr. Lee, Mr. Steinberg testified that Mr. Kang told him that an interpreter had translated the Plea Agreement for Ms. Choi.

Mr. Kang testified that he told Ms. Choi there was a risk she would be removed from the U.S. based on her guilty plea.  In addition, he says he told her on several occasions that she needed to seek the advice of an immigration lawyer concerning the risks of removal associated with her contemplated guilty plea.  Mr. Lee testified that

during the July 27, 2015, meeting, Mr. Kang told Ms. Choi that her guilty plea could have consequences for her immigration status and told her she should speak to an immigration lawyer. Similarly, Mr. Steinberg testified credibly that he told Ms. Choi that he had tried to put her in the best position possible, but that notwithstanding she may be deported after sentencing, and there was nothing Mr. Steinberg could do to prevent that. Further, he told Ms. Choi to seek the advice of an immigration attorney.

The testimony of Mr. Kang and Mr. Lee concerning the July 27, 2015, meeting with Ms. Choi is very credible. Mr. Kang and Mr. Lee observed the relevant events first hand, their memories of these events generally are strong, and their testimony about this meeting is largely consistent. Their testimony demonstrates that the Plea Agreement and Statement In Advance both were interpreted to Ms. Choi in Korean, Ms. Choi had the opportunity to ask – and did ask – questions about the terms of these documents, she availed herself of that opportunity repeatedly, and she exhibited a detailed understanding of these documents. In addition, the testimony of Mr. Kang and Mr. Lee demonstrates that Ms. Choi was warned, on July 27, 2015, that her guilty plea could have significant, adverse immigration consequences for her. On that day and at other times, she was advised to seek advice from an immigration lawyer to get an expert and detailed assessment of this risk.

Mr. Steinberg testified at the § 2255 hearing that he also advised Ms. Choi that the risk of removal was ever present and that he researched the relevant immigration statutes to gain information about the risk of removal faced by Ms. Choi. He also testified that he sought, successfully, to keep the words fraud and deceit out of the plea agreement because he thought the absence of those words would put Ms. Choi in a better status with immigration authorities. This testimony also is credible, in part

because Mr. Steinberg testified accurately about some of the applicable statutes. As discussed in section IV. B., of this order, this approach by Mr. Steinberg potentially provided the best possible insulation from removal to Ms. Choi.

*ii. September 13, 2016, Meeting*

As noted above, the first sentencing hearing commenced September 13, 2016. At that time, Ms. Choi knew the government would not recommend a probationary sentence. Rather, the government recommended a custodial sentence to imprisonment of 19 months. *Sentencing statement* [#29], p. 13. That recommendation plus some questions about the presentence report caused Ms. Choi to move for a continuance of the sentencing hearing. That motion to continue was granted, and the September 13, 2016, sentencing hearing was not completed. Immediately after court was in recess, Ms. Choi met with her counsel in an attorney conference room just outside of the courtroom. Mr. Kang, Ms. Choi, and interpreter Jason Park were present. In his testimony, Mr. Kang described this meeting as lasting around two hours. Mr. Kang testified that he, Ms. Choi, and the interpreter, Mr. Park, were present for the entire meeting. He said Mr. Steinberg also was present, but he may have left before the meeting ended.

According to Mr. Kang, he and Mr. Steinberg were concerned that a real risk of removal would arise if the court imposed a custodial sentence of one year or more. Mr. Steinberg testified that, at the September 13, 2016, meeting, he told Ms. Choi she could file a motion to withdraw her plea. Those present spent considerable time discussing this option and the option of going to trial. Mr. Steinberg said he told Ms. Choi that if she proceeded to trial, and was convicted, she was likely to receive a prison sentence longer that the sentence proposed by the government at the sentencing hearing that

day.  In addition, Mr. Steinberg told Ms. Choi that removal was more likely if she received a longer prison sentence.  Mr. Kang testified that, during the meeting, Mr. Steinberg asked Ms. Choi directly if she wished to file a motion to withdraw her plea and, instead, proceed to trial.  Mr. Steinberg testified that, near the conclusion of the meeting and after much discussion, he asked Ms. Choi if she wished to move to withdraw her plea.  In response, Ms. Choi stated she wanted to go forward with the Plea Agreement.

Mr. Park, the interpreter, also testified about the September 13, 2016, meeting. He said Mr. Steinberg was there at the beginning of the meeting but he left before Mr. Kang.  After Mr. Steinberg left, Mr. Park testified, Ms. Choi and Mr. Kang continued their discussion.  Mr. Park recalls that the meeting lasted over an hour, but he did not testify to the precise amount of time taken in the meeting.  Mr. Park provided Korean interpretative services during this meeting.  Mr. Park believes the Plea Agreement was the subject of most of the discussion at the meeting, but he did not recall specifically particular topics discussed at the meeting.

The testimony of Mr. Kang and Mr. Steinberg concerning the September 13, 2016, meeting with Ms. Choi is very credible.  Mr. Kang and Mr. Steinberg observed the events first hand, their memories of these events generally are strong, and their testimony about this meeting is largely consistent.  Their testimony demonstrates that the Plea Agreement, and the alternative of withdrawing the extant plea of guilty and going to trial were discussed at length with Ms. Choi at this meeting.  In addition, their testimony shows that the risk of removal again was discussed with Ms. Choi during this meeting.  After an extended discussion of her options – trial or the Plea Agreement – Ms. Choi chose to proceed under the Plea Agreement.

*iii. Testimony of Ms. Choi*

In stark contrast to her statements under oath at the January 14, 2016, change of plea hearing, Ms. Choi testified at the hearing on her § 2255 motion that she was never aware of a risk that she would be removed or deported based on her guilty plea and felony conviction in this case. In her testimony at the § 2255 hearing, she agreed that the July 27, 2015, telephone conference with Mr. Kang and Mr. Lee took place and that she participated by telephone. However, she claimed she understood very little about what was discussed in this meeting. She testified also that the September 13, 2016, courthouse meeting with Mr. Kang and Mr. Steinberg, with Mr. Park acting as an interpreter, took place. However, she says nothing about any discussion at this meeting of the risk that she would be deported.

In her motion and in her testimony at the § 2255 hearing, Ms. Choi claims also that, just prior to the second change of plea hearing on January 14, 2016, Mr. Kang threatened Ms. Choi. Ms. Choi claims Mr. Kang instructed her to answer "yes" to all of the questions posed to her by the judge during the hearing. She claims Mr. Kang told her that, if she did not answer all of the judge's questions "yes," then she would not receive probation, she would go to prison for three years, her family members would be prosecuted, and she would be deported. Given these threats, she claims, she signed the Statement In Advance. She claims she felt she had no choice but to plead guilty, she did not understand the terms of the Plea Agreement, including the risk of deportation, and the threats of Mr. Kang essentially forced her to sign the Plea Agreement and enter her guilty plea. She says she pled guilty while in fear of the threats of Mr. Kang and despite the fact that she did not understand the terms of the Plea Agreement, including the risk she would be deported.

This testimony by Ms. Choi is inherently incredible.  Starkly, this testimony contradicts the statements made by Ms. Choi, under oath, at the January 14, 2016, change of plea hearing.  As detailed above, during the change of plea hearing, Ms. Choi stated under oath that she understood her Plea Agreement and the Statement In Advance.  She also stated under oath that she understood that her guilty plea may have severe immigration consequences, including deportation or removal.  The credibility of Ms. Choi is severely undermined by the fact that her sworn written statement [#78-1] in support of her § 2255 motion and her testimony at the § 2255 hearing starkly contradict her earlier statements under oath at the January 14, 2016, hearing.

The credibility of Ms. Choi on these points is further undermined by the credible testimony of Mr. Kang, Mr. Steinberg, and Mr. Lee concerning the information provided to Ms. Choi and her understanding of that information.  Their testimony indicates that detailed explanations of the Plea Agreement and Statement In Advance were given to Ms. Choi long before the January 14, 2016, change of plea hearing.  The testimony of Mr. Kang, Mr. Steinberg, and Mr. Lee shows also that Ms. Choi had a detailed understanding of her Plea Agreement, including the risk of removal, well before the January 14, 2016, change of plea hearing.  These facts are further confirmed by testimony about the September 13, 2016, meeting of Ms. Choi with her counsel.  This meeting took place immediately after the first sentencing hearing was continued.  At that time, Ms. Choi and her counsel were aware that the government would not recommend a probationary sentence.  At this meeting, Ms. Choi had the opportunity to re-consider the guilty plea she had entered previously and to move to withdraw her plea.  After a long discussion with counsel, which discussion included the risks of trial and the risk of deportation, Ms. Choi elected not to move to withdraw her plea and to go forward with

the Plea Agreement. The testimony of Mr. Steinberg and Mr. Kang concerning this meeting demonstrates that the understanding of Ms. Choi was further confirmed, and probably enhanced, at this meeting.

The testimony of Ms. Choi concerning the purported threats issued by Mr. Kang prior to the January 14, 2016, change of plea hearing also is not credible. First, the stark contradictions in the various versions of events described by Ms. Choi undermine her credibility generally. Second, under oath at her change of plea hearing, Ms. Choi stated she had not been forced to enter into the Plea Agreement or to enter her guilty plea. *Transcript* [#65], p. 13. Third, there is no evidence to corroborate the claim of Ms. Choi that Mr. Kang made these threats. No other percipient witness testified that Mr. Kang expressed these threats to Ms. Choi prior to the January 14, 2016, hearing.[5] Finally, in his testimony, Mr. Kang expressly denied making any such threats to Ms. Choi. I find the testimony of Mr. Kang on these matters to be more credible than the testimony of Ms. Choi.

### iv. Testimony of Michael Choi & Jeffrey Mann

---

[5] On October 21, 2016, a third attorney, Jeff Mann, entered an appearance [#32] on behalf of Ms. Choi. This entry of appearance was ten months after Ms. Choi entered her guilty plea. At the § 2255 hearing, Mr. Mann testified that he observed Mr. Kang and Ms. Choi in the hallway outside of the courtroom just prior to a hearing on November 17, 2016. (Presumably, he was referring to the November 16, 2016, sentencing hearing.) At that time, according to Mr. Mann, Mr. Kang was telling Ms. Choi to say yes, yes, yes when the judge asks questions. No other witness corroborated this version of events.

Typically, in a sentencing hearing I ask only one question directly of the defendant. I ask the defendant if he or she wishes to make a statement or to offer additional information in mitigation. In the sentencing hearing of Ms. Choi, that is the only question I asked directly of Ms. Choi. *Transcript* [#67], pp. 10 - 11.

According to Ms. Choi, just prior to the January 14, 2016, change of plea hearing, Mr. Kang told her to answer all questions from the judge " yes." In contrast to Mr. Mann, Ms. Choi does not claim Mr. Kang gave this advice prior to her sentencing hearing on November 16, 2016. Given these circumstances, I find that the testimony of Mr. Mann concerning the statements of Mr. Kang just prior to the November 16, 2016, sentencing hearing is not credible.

Michael Choi, son of Ms. Choi, and Jeffrey Mann also testified at the § 2255 hearing. Mr. Mann is an attorney who entered his appearance on behalf of Ms. Choi on October 21, 2016, a short time before sentencing. Both of these witnesses testified about various times when they perceived Ms. Choi to express a lack of understanding of her plea agreement. Neither of these witnesses was present at the discussions between Ms. Choi and her counsel or at the January 14, 2016, change of plea hearing. Those discussions and that hearing are the most important events which provide a factual basis on which the understanding, *vel non*, of Ms. Choi, and the advice given to Ms. Choi can be determined. Neither Michael Choi nor Jeffrey Mann were percipient witnesses who observed any of these events. Thus, I find that their testimony at the § 2255 hearing is, at best, only obliquely relevant to the issues relevant to the § 2255 motion of Ms. Choi.

### III. ANALYSIS

Having reviewed the record, I find and conclude that the motion and the files and records of the case, including the evidence presented at the § 2255 hearing, conclusively show that Ms. Choi is entitled to no relief. This is true because the record does not support her claim that her counsel was ineffective and her plea was involuntary.

#### A. Understanding of the Plea Agreement & Statement In Advance

The sworn statements of Ms. Choi at her change of plea hearing demonstrate that she had discussed her Plea Agreement with her counsel with the assistance of a Korean interpreter; understood everything in her written Plea Agreement; had no questions or concerns about anything in the Plea Agreement; was fully satisfied with her counsel, Mr. Steinberg and Mr. Kang; had no questions or concerns about anything in

the Plea Agreement; signed the Plea Agreement knowingly and voluntarily, with the benefit of the advice and assistance of her counsel; understood her conviction may have severe immigration consequences, including deportation or removal; had not been forced to participate in the Plea Agreement; had not been forced to plead guilty; and had not been made promises that were not described on the record at the hearing. The sworn, uncoerced statements of Ms. Choi at her change of plea hearing demonstrate clearly that her guilty plea was voluntary, knowing, intelligent, and intentional.[6]

Sworn declarations in a change of plea hearing are critically important. If the oath given to Ms. Choi at the outset of her change of plea hearing is to mean anything, her sworn declarations at the hearing must be given a strong presumption of truth and accuracy.

> "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." **Blackledge v. Allison**, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Accordingly, the "truth and accuracy" of a defendant's statements during the Rule 11 proceeding "should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." **Hedman** [**v. U.S.**], 527 F.2d [20,] at 22 [(10th Cir.1975) (per curiam)].

**U.S. v. Weeks**, 653 F.3d 1188, 1205–06 (10th Cir. 2011).

In **Hedman**, the defendant made statements under oath at his change of plea hearing. **Hedman v. U.S.**, 527 F.2d 20, 21 (10th Cir. 1975). "The record of the Rule 11 proceedings clearly shows that Hedman unequivocally denied receiving any prediction or promise of leniency or other inducement to plead guilty." *Id*. In his § 2255 motion,

---

[6] Indeed, the record overall confirms the factual and legal validity of the findings and conclusions stated in the **Findings of Fact And Conclusions of Law on the Entry of a Plea of Guilty** [#20] filed January 14, 2016.

Hedman alleged that, prior to the change of plea hearing, his attorney

> advised him that, as a result of plea negotiations with the United States
> Attorney's office, a bargain had been struck whereby Hedman would be
> granted probation in return for a guilty plea. Then, in claimed reliance on
> Brooks' promise of probation, appellant appeared before the trial court to
> enter a guilty plea. Rounding out Hedman's contentions is the claim that,
> upon advice of counsel, he made false statements to the trial court during
> the Rule 11 proceedings in an apparent effort to persuade the trial court to
> accept the guilty plea.

*Id*. at 22.  Thus, in his § 2255 motion, Hedman claimed his counsel was ineffective and

his plea was not voluntary.  *Id*. at 21.

Addressing the stark contradiction between Hedman's statements at his change

of plea hearing and his statements in support of his § 2255 motion, the Tenth Circuit

held:

> Hedman's statements made at the Rule 11 proceedings should be
> regarded as conclusive in the absence of a believable, valid reason
> justifying a departure from the apparent truth of his Rule 11 statements.
> Hedman's § 2255 allegations of an involuntary plea and the lack of
> effective counsel were completely and conclusively refuted by his earlier
> statements and were insufficient to trigger the hearing requirement of
> § 2255.

*Id*. at 22.

In the **Affidavit of Defendant Jung Yoon Choi In Support of Her Motion To**

**Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255** [#78-1],  Ms.

Choi contradicts directly many of the important statements she made under oath at the

change of plea hearing.  Her affidavit also was signed under oath.  *Affidavit* [#78-1], p.

5.  Her affidavit [#78-1] tracks the allegations in her motion [#78].  The testimony of Ms.

Choi at her § 2255 hearing also contradicts directly many of the important statements

she made under oath at the change of plea hearing.  Given my extensive and personal

interaction and communication with Ms. Choi during the change of plea hearing, I am

convinced that she told me the truth during the change of plea hearing.  Thus, just as in *Hedman*, the sworn statements of Ms. Choi at her change of plea hearing conclusively refute her subsequent contrary statements in her affidavit [#78-1] and in her testimony at her § 2255 hearing.  *Hedman*, 527 F.2d at 22.

Not only does Ms. Choi conclusively refute herself, the testimony presented at the § 2255 hearing, particularly the testimony of Mr. Kang, Mr. Steinberg, and Mr. Lee, also refutes the claims of Ms. Choi.  The credible testimony of Mr. Kang, Mr. Steinberg, and Mr. Lee demonstrates clearly that the Plea Agreement and the Statement In Advance both were explained in detail to Ms. Choi and that a qualified Korean interpreter assisted in this process.[7]  This credible testimony also demonstrated that Ms. Choi repeatedly was warned by her counsel, Mr. Kang and Mr. Steinberg, that she faced a risk of removal based on her guilty plea and felony conviction.  Prophylactically, she was advised repeatedly to seek advice from an attorney specializing in immigration law to address this potential problem.  The factual claims of Ms. Choi concerning her lack of understanding of the terms of the Plea Agreement and the Statement In Advance are refuted by the more credible testimony of Mr. Kang, Mr. Steinberg, and Mr. Lee.  The claim of Ms. Choi that she was never warned that her conviction may have severe immigration consequences, including deportation or removal, is refuted by the more credible testimony of Mr. Kang, Mr. Steinberg, and Mr. Lee.

B.  Duty of Counsel - Advice On Immigration Consequences

_____

[7] Ms. Choi does not challenge the qualifications or competence of the interpreters, Cheol Lee and Jason Park.

When removal is a certain or automatic consequence of a guilty plea, a defense attorney has "the duty to give correct advice" about that clear immigration consequence. ***Padilla v. Kentucky***, 559 U.S. 356,369 (2010). On the other hand, when it is unclear or uncertain whether removal is a consequence of a guilty plea, the duty of a defense attorney is more limited. ***Id***. In that circumstance, the duty of a defense attorney is to advise the client that the criminal charge "may carry a risk of adverse immigration consequences." ***Id***. Such advice was repeatedly given to Ms. Choi by both Mr. Kang and Mr. Steinberg.

In ***Padilla***, the defendant pled guilty to transportation of a large amount of marijuana in his tractor trailer. Mr. Padilla, a native of Honduras, had been a lawful permanent resident of the United States for more than 40 years. The crime to which he pled guilty, like nearly all drug offenses, is a deportable offense under 8 U.S.C. § 1227(a)(2)(B)(i). Prior to entry of his guilty plea, counsel for Mr. Padilla advised Mr. Padilla that he did not have to worry about his immigration status because he had been in the country for so long. "Padilla relied on his counsel's erroneous advice when he pleaded guilty to the drug charges that made his deportation virtually mandatory." ***Id***. at 359. Subsequently, Mr. Padilla sought relief under § 2255, claiming his counsel was ineffective when he failed to advise Mr. Padilla that his guilty plea and conviction for drug distribution made him subject to automatic deportation. The Supreme Court of the United States agreed. The Court held that "constitutionally competent counsel would have advised [Mr. Padilla] that his guilty plea and conviction for drug distribution made him subject to automatic deportation." ***Id***. at 360.

The case of Ms. Choi, and the duty of her attorneys, differ significantly from the

duty of counsel for Mr. Padilla. I find and conclude that, based on her conviction in this case, Ms. Choi is not clearly subject to automatic removal, as was Mr. Padilla. Rather, it is readily debatable whether her conviction subjects her to automatic deportation. Ms. Choi pled guilty to violating 26 U.S.C. § 7212(a). That statute is titled "Attempts to interfere with administration of internal revenue laws." In the Plea Agreement, the parties agreed that the elements of this offense are

> (1) the defendant in any way corruptly;
>
> (2) endeavored;
>
> (3) to obstruct or impede the due administration of the Internal Revenue Code as alleged in the Information.

*Plea Agreement* [#18], p. 5. The parties agreed that to act "corruptly" means to act with the intent to secure an unlawful benefit either for oneself or for another. *Id.*

Counsel for Ms. Choi has argued she is subject to automatic deportation under 8 U.S.C. § 1227(a)(2)(A)(i). Ms. Choi complains Mr. Kang and Mr. Steinberg failed to advise her of this fact. That statute provides that any alien who

> (I) is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and
>
> (II) is convicted of a crime for which a sentence of one year or longer may be imposed,
>
> is deportable.

8 U.S.C. § 1227(a)(2)(A)(i). Ms. Choi was granted permanent resident status on June 15, 1989. *Reply* [#85], Exhibit A (Notice to Appear), CM/ECF p. 9. The crime that is the subject of the Plea Agreement was committed in 2009 and 2010, approximately 20 years after Ms. Choi was granted permanent resident status. Thus, on its face,

§ 1227(a)(2)(A)(i) is not applicable to the crime of conviction in this case.  Further, in the removal proceedings pending against Ms. Choi, the U.S. Department of Homeland Security (DHS) does not assert § 1227(a)(2)(A)(i) as a basis for her removal.  If there is some valid argument for application of this statute to Ms. Choi, that argument is not at all obvious, clear, or certain.

In the **Notice to Appear** served on Ms. Choi by the DHS, the DHS claims Ms. Choi is subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii).  That statutory provision provides that "Any alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  8 U.S.C. § 1101(a)(43) contains numerous definitions of the term "aggravated felony," as that term is used in § 1227.  In the **Notice to Appear** served on Ms. Choi by the DHS, the DHS relies on the definition stated in § 1101(a)(43)(M).  *Reply* [#85], Exhibit A (CM/ECF pp. 8 - 10), CM/ECF p. 9. The definition in § 1101(a)(43)(M) provides that an aggravated felony includes:

(M) an offense that–

(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or

(ii) is described in section 7201 of Title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000.

8 U.S.C. § 1101(a)(43)(M).

Ms. Choi did not plead guilty to a crime described in 26 U.S.C. § 7201.  Thus, on its face § 1101(a)(43)(M)(ii) is not applicable to her.  Ms. Choi claims, however, that she pled guilty to a crime involving fraud or deceit in which the loss to the victim exceeded ten thousand dollars.  Thus, she claims she is subject to removal for committing an aggravated felony, as defined in § 1101(a)(43)(M)(i).   She claims Mr. Kang and Mr. Steinberg were constitutionally ineffective because they never advised her of this fact.  I

conclude that the application § 1101(a)(43)(M)(i) to Ms. Choi is not so pellucid.

Notably, § 7212(a), the statute under which Ms. Choi was convicted, does not contain – in any form – the words fraud or deceit.  Similarly, the Information [#1] charging Ms. Choi does not contain – in any form – the words fraud or deceit.  Finally, the Plea Agreement [#18] does not contain – in any form – the words fraud or deceit.  Harvey Steinberg, counsel for Ms. Choi, testified that he worked to ensure that the words fraud and deceit were not in the Plea Agreement because he thought the absence of those words would put Ms. Choi in a better status with immigration authorities.

Based upon the specific language of § 1101(a)(43)(M)(i), § 7212(a), and the Plea Agreement, it is far from clear that the definition of "aggravated felony" as defined § 1101(a)(43)(M)(i) is applicable to the conviction of Ms. Choi.  There is a good argument that her conviction, the nature and substance of which is described in the Information and the Plea Agreement, does not involve fraud or deceit and, therefore, does not fall within § 1101(a)(43)(M)(i). If there is some valid argument for application of § 1101(a)(43)(M)(i) to the conviction of Ms. Choi, that argument is not obvious, clear, or certain.

As the Plea Agreement was negotiated, when the Plea Agreement and related documents were explained to Ms. Choi, when Ms. Choi entered her guilty plea, and when Ms. Choi considered the possibility of moving to withdraw her plea, the risk of removal was unclear and uncertain.  The same is true now.  Thus, the duty of Mr. Kang and Mr. Steinberg was to advise Ms. Choi – as they did – that her guilty plea "may carry a risk of adverse immigration consequences."  *Padilla*, 559 U.S. at 369.  Repeatedly, Mr. Kang, Mr. Steinberg, and this court warned Ms. Choi that her guilty plea may carry a

risk of adverse immigration consequences, including removal or deportation.  Thus, neither Mr. Kang nor Mr. Steinberg were constitutionally ineffective.

At the § 2255 hearing, counsel for Ms. Choi relied on ***Lee v. U.S.***, ___ U.S. ___, 137 S.Ct. 1958 (2017) in support the claim of ineffective assistance of counsel. However, ***Lee*** does not provide appreciable support for the claim of Ms. Choi.  As in ***Padilla***, the defendant in ***Lee*** pled guilty to a crime that triggers, in essence, automatic deportation.  Mr. Lee pled guilty to possession of ecstasy with intent to distribute, in violation of 21 U.S.C. § 841.  ***Id***. at 1963.  That crime constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), and one convicted of an aggravated felony is subject to deportation under 8 U.S.C. § 1227(a)(2)(A)(iii).  ***Id***.  However, the plea-stage attorney for Mr. Lee advised Mr. Lee, a lawful permanent resident, that he would not be deported as a result of his guilty plea and conviction.  The government conceded that plea-stage counsel for Mr. Lee was constitutionally ineffective.  The key question in ***Lee*** was whether or not Mr. Lee could demonstrate that his constitutionally ineffective plea-stage counsel had prejudiced his defense.  ***Id***. at 1964.

The issue of prejudice is of no moment in the present case.  That is true because Ms. Choi has not shown that her counsel was constitutionally ineffective while negotiating the Plea Agreement, when explaining the Plea Agreement and its immigration consequences to her, or when advising her that her Plea Agreement and concomitant conviction may have severe immigration consequences.  Thus, in the present case, ***Lee*** is distinguishable on its facts and its holding is inapposite.

### C.  Conclusion

Concerning the relevant issues where the testimony is in dispute, I find the testimony of Mr. Steinberg, Mr. Kang, and Mr. Lee to be more credible than the testimony of Ms. Choi, Mr. Choi, and Mr. Mann. Based on the evidence in the record, including the testimony presented at the § 2255 hearing, I find that when Ms. Choi entered her guilty plea, she understood the terms of her Plea Agreement and her Statement In Advance. I find that prior to the entry of her guilty plea, counsel for Ms. Choi repeatedly advised her that she faced a significant risk of removal based on her guilty plea and concomitant felony conviction. Ms. Choi understood that she faced this risk of removal when she entered her guilty plea. As a matter of law, I conclude that counsel for Ms. Choi was not constitutionally ineffective because they did not provide to Ms. Choi a more detailed assessment of her risk of deportation, including advice that Ms. Choi is subject to mandatory deportation. Given the law summarized in this order, the risk of removal to Ms. Choi was not certain or automatic, but instead, was unclear and uncertain. The advice repeatedly provided by counsel for Ms. Choi indicating that her plea may carry a risk of adverse immigration consequences, including removal, is constitutionally adequate. In summary, Ms. Choi has not shown by a preponderance of the evidence that she is entitled to relief under § 2255 based on her claim of ineffective assistance of counsel.

## IV. COA

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), this court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is

made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Ms. Choi has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability is denied.

## V.  CONCLUSION & ORDERS

Ms. Choi has not shown that the performance of her counsel was constitutionally deficient or that her guilty plea was involuntary.  Therefore, Ms. Choi is not entitled to relief under § 2255.  Accordingly, her motion is denied.

**THEREFORE, IT IS ORDERED** as follows:

1.   That the **Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255** [#78] is denied;

2.  That under 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied; and

3.  That the related Civil Action No. 17- cv-02722-REB is closed.

Dated July 11, 2018, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge